DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MOSIS ROBLES, for herself and as next of kin for her minor daughter Ahlaya Hope Challenger, )<br><br>    Plaintiff, )<br><br>v. )<br><br>GOVERNMENT OF THE VIRGIN ISLANDS; VIRGIN ISLANDS ATTORNEY GENERAL VINCENT FRAZER; ELSWORTH JONES, Individually, and in his Official Capacity; DAVE LOOBY, Individually, and in his Official Capacity; OAKLAND BENTA, Individually and in his Official Capacity; CHENELLE SKEPPLE, Individually, and in her Official Capacity; and LEON CRUZ, JR., Individually, and in his Official Capacity, )<br><br>    Defendants. ) | Civil Action No. 2012-069 |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Trudy Fenster, Esq.,**
St. Croix, U.S.V.I.
   *For the Plaintiff*

**Melvin H. Evans, Jr., Esq.**
St. Croix, U.S.V.I.
   *For the Defendants*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's "Motion to Enforce Settlement Agreement" (Dkt. No. 55); Defendants' "Opposition to Motion to Enforce Settlement Agreement and Motion to Strike" (Dkt. No. 56); and Plaintiff's "Motion to Remove Exhibits 1 and 2 to Plaintiffs' Motion to Enforce Settlement from the Docket and File Under Seal" (Dkt. No. 57).

On December 20, 2013, a Mediation Report was filed with the Court indicating that

"[t]he conflict has been completely resolved" and "[t]he parties are submitting a Stipulation Agreement and/or Notice of Dismissal." (Dkt. No. 50 at 2). The same day, the Magistrate Judge issued an Order requiring the parties to file a stipulation of dismissal within thirty days. (Dkt. No. 51). Thereafter, on January 27, 2014, the Magistrate Judge granted Plaintiff's request for a sixty-day extension to file a stipulation of dismissal. (Dkt. No. 53). The parties failed to file a stipulation of dismissal within sixty days and, on April 1, 2014, the Magistrate Judge issued an Order to Show Cause, requiring counsel to show cause as to why they should not be held in contempt for their failure to file a stipulation of dismissal.

Instead of filing a response to the Magistrate Judge's Order to Show Cause, Plaintiff filed a "Motion to Enforce Settlement Agreement," which described ongoing payment-related issues with the parties' settlement agreement, and stated that "the settlement should be enforced and judgment entered against the Defendant[s] . . . ." (Dkt. No. 55 at 3). Plaintiff submitted the parties' handwritten "Mediation Settlement Agreement" (Dkt. No. 55-1); Plaintiff's signed "Release of All Claims" (Dkt. No. 55-2); and the parties' "Settlement Agreement" (*id.*) (collectively "settlement documents").

In their Opposition, Defendants also discussed the ongoing issues with the parties' settlement agreement and stated that they "strongly oppose the entry of judgment in this matter." (Dkt. No. 56 at 1–3). In their Motion to Strike, Defendants requested that the Court strike the settlement documents from the record. (Dkt. No. 56 at 3). Thereafter, Plaintiff filed a Motion requesting that the Court place the settlement documents under seal, because doing so would "facilitate the just, speedy and efficient resolution of the pending Motion to Enforce Settlement." (Dkt. No. 57 at 2).

In view of the foregoing, it is apparent here that the parties represented to the Court in

December of last year that the matter had been "completely resolved" and that they would be filing a stipulation of dismissal. Based on that representation, the Magistrate Judge generously afforded the parties a total of ninety days within which to file the stipulation. After ignoring the due date for the stipulation, thus precipitating an Order to Show Cause from the Magistrate Judge, Plaintiff deemed it appropriate to unilaterally file confidential settlement documents developed in mediation on the public record, asking this Court to enforce the settlement and enter judgment against Defendants.

Under the circumstances here, the Court will not wade into the parties' efforts to settle this matter. The Court is of the view that, generally speaking, "[a] settlement agreement that has been validly entered into is 'just another contract to be enforced the usual way, that is, by a fresh suit.'" *State Farm Mut. Aut. Ins. Co. v. Markis*, 2003 US. Dist. LEXIS 19510, at *5 (E.D. Pa. Oct. 21, 2003) (quoting *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2000)); *see also Patrick v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993) ("[S]tanding alone a settlement agreement is nothing more than a contract[.]"). Accordingly, the Court will deny Plaintiff's "Motion to Enforce Settlement Agreement."

Moreover, it was highly inappropriate for Plaintiff to unilaterally file confidential settlement documents on the public record. *See* LRCi 3.2(g)(2) *Agreement* ("If an agreement is reached [during mediation], it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement shall be filed when required by law *or with the parties' consent*.") (emphasis added). It is quite apparent from Defendants' Opposition that they did not consent to such a filing.

Finally, in view of the fact that Defendants did not consent to Plaintiff filing the settlement documents on the record, the Court will grant Defendants' Motion to Strike. *See id.*

Because the Court will not be reviewing the unilaterally filed settlement documents for any purpose, and because the Court is ordering the documents stricken from the record, the Court will deny as moot Plaintiffs' request to place the settlement documents under seal.

The deadline for filing dispositive motions in this case was April 30, 2014. (Dkt. No. 22). Neither party has filed a dispositive motion. The Court is prepared to set this matter for trial. However, given the untimely death of counsel of record for Defendants, and the need for new counsel to enter an appearance, the Court will afford the parties some additional time within which to file a stipulation of dismissal.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's "Motion to Enforce Settlement Agreement" (Dkt. No. 55) is **DENIED**; and it is further

**ORDERED** that Defendants' "Motion to Strike" (Dkt. No. 56) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **STRIKE** exhibits 1 and 2 to Plaintiff's "Motion to Enforce Settlement Agreement" (Dkt. Nos. 55-1, 55-2) from the record in this case; and it is further

**ORDERED** that Plaintiff's "Motion to Remove Exhibits 1 and 2 to Plaintiffs' Motion to Enforce Settlement from the Docket and File Under Seal" (Dkt. No. 57) is **DENIED AS MOOT**; and it is further

**ORDERED** that the parties shall have up to and including **June 30, 2014** within which to file a stipulation of dismissal. If the parties do not file a stipulation of dismissal by that date, the Court will set this matter for trial.

**SO ORDERED.**

Date:  June 3, 2014                              _____/s/_____
                                                 WILMA A. LEWIS
                                                 Chief Judge